

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AURIKA A. GRYNKO, | ) | CASE NO. 1:06 CV 2388 |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | |
| DREAMWORKS ANIMATION SKG, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) ) | |

On October 3, 2006, plaintiff pro se Aurika A. Grynko filed the above-captioned in forma pauperis action against DreamWorks Animation SKG. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

The complaint alleges that defendant, a California entertainment company, wiretapped plaintiff's telephone, thereby obtaining the idea and content for the movie SHREK. The story of the movie, according to the complaint, is "entirely the fictionalized Plaintiff's life story," and is "a divine incident of her creative authorship not dependent on statutory formalities."

The complaint further alleges, among other things, that: 1) the characters and story of SHREK "disparage and suggest a connection with the living people of Plaintiff's acquaintance;" 2) the reason the story is green "is the personification with

Plaintiff's last name GRYNKO;" 3) "the character of Dragon expresses Plaintiff's emotional state of mind during her divorce;" and, 4) "the told story of Shrek is the author's parody and mean satire of herself and her personal life."

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Summary dismissal is appropriate "when the facts alleged rise to the level of the irrational or wholly incredible ..." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Even liberally construed, the complaint does not set forth allegations reasonably suggesting plaintiff might have a valid federal claim.

Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

good faith.

       IT IS SO ORDERED.

                                          DAN AARON POLSTER
                                          UNITED STATES DISTRICT JUDGE